```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**JAMES A. KING, et al.,**

    **Plaintiffs,**

v.    CIVIL ACTION NO. 1:10-1024

**SEARS ROEBUCK & COMPANY, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiffs' motion to remand. (Docs. No. 8, 9). For the reasons set forth below, Plaintiffs' motion is **DENIED**, and Defendant Thomas Hayslett is **DISMISSED** from this case.

<u>**I. Factual and Procedural Background**</u>

In March 2008, Plaintiff James A. King ("King"), a Sears employee, injured his leg with a Craftsman angle grinder tool while working on the wheel of a car at the Sears automotive department. <u>See</u> Complaint, p. 4. King alleges that his immediate supervisor, Thomas Hayslett, had instructed him to work on the wheel using the angle grinder. <u>Id.</u> After obtaining the necessary treatment, Mr. King, his wife, and their infant daughter (collectively "Plaintiffs") filed the instant action in the Circuit Court of Mercer County, West Virginia, on March 19, 2010, seeking damages for their injuries. <u>Id.</u> at 6. Plaintiffs named as defendants Sears Roebuck & Company, Sears Holdings

1

Management Corporation, and Sears Holding Corporation ("Sears Corporate Defendants") and Thomas Hayslett, (collectively "Defendants"). In their Complaint, Plaintiffs asserted the following causes of action: (1) deliberate intention in exposing King to a specific unsafe working condition under W. Va. Code § 23-4-2(d)(2)(ii); (b) products liability; and (c) breach of warranty. While Plaintiffs named the Sears Corporate Defendants in all three counts, Plaintiffs named Thomas Hayslett <u>only</u> in the deliberate intention count. <u>See</u> Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, p. 2; Complaint, pp. 5-8.

 Invoking this courts diversity jurisdiction, Defendants removed the case on August 16, 2010. Defendants argue that diversity jurisdiction exists because the parties satisfy the complete diversity requirement and the amount in controversy is greater than $75,000. <u>See</u> Defendants' Notice of Removal, p. 3. Defendants submit that the Sears Corporate Defendants have their principal places of business in New York and Delaware. Furthermore, Defendants argue that the court should disregard Thomas Hayslett, a West Virginia citizen, for purposes of determining jurisdiction since Plaintiffs joined Hayslett fraudulently, solely for the purpose of keeping this action in state court. <u>Id.</u> at 4-5.

 Plaintiffs filed their motion to remand on September 15,

2

2010, alleging a procedural defect in Defendants' notice of removal; namely, that the notice of removal failed to state the day Thomas Hayslett received service of process. See Memorandum in Support of Plaintiffs' Motion to Remand, p. 3. Plaintiffs argue that had this date been noted, it would have become immediately apparent to the court that Hayslett's removal was untimely. See id. Notably, Plaintiffs failed to address Defendant's arguments regarding Thomas Hayslett's fraudulent joinder, suggesting that the court consider this issue at a later date. See id. at 1-2.

## II.  Analysis

*A. Procedural Defects in the Notice of Removal*

28 U.S.C. § 1446 sets forth the procedure for removal. Among other things, the statute requires the defendant to submit "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." § 1446(a). The defendant must file the notice of removal within thirty (30) days of receiving the initial pleading, "through service or otherwise." § 1446(b). Where a plaintiff has sued multiple defendants, all defendants may join in the timely notice of removal of the last-served defendant, "regardless of whether they have previously filed a notice of removal." Barbour et al. v. Int'l Union et al., 594 F.3d 315, 326 (4th Cir. 2009).

Plaintiffs allege that Defendants' notice of removal is deficient because it did not sufficiently indicate the date that Thomas Hayslett received service of process. The court finds, however, that the Defendants satisfied the requirements of § 1446(a) by filing with the court documents from the Mercer County Circuit Court showing the date of service on the Sears Corporate Defendants. Since the Sears Corporate Defendants were the last-served defendants, Defendant Hayslett properly joined in their timely notice of removal. Thus, it is irrelevant when Hayslett received service, and Defendants' failure to indicate such date does not render the notice of removal procedurally defective.

*B. Fraudulent Joinder of Thomas Hayslett*

Despite Plaintiff's exhortations to the contrary, the court finds it important to address Defendant Hayslett's fraudulent joinder at this juncture in the case. Whether Plaintiff joined Hayslett fraudulently is an important question for purposes of determining jurisdiction and Defendants have put Plaintiffs on ample notice of their contentions with respect to this issue. See Defendants' Notice of Removal, p. 4-5. Plaintiffs' decision not to address the fraudulent joinder question in their motion to remand - or by filing a reply brief - will not preclude the court from taking this issue up now.

The federal courts' power to hear cases based on diversity of citizenship comes from Article III, Section 2 of the U.S. Constitution as well as 28 U.S.C. § 1332.  In addition to the familiar requirements set forth in the constitutional and statutory language, defendants seeking removal predicated on diversity jurisdiction must also show that there is complete diversity of citizenship among the parties.  <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).  Complete diversity requires that "no party shares common citizenship with any party on the other side."  <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999).  As soon as a party on one side has the same citizenship as a party on the other side of the lawsuit, diversity jurisdiction is extinguished.  The requirement of complete diversity is not without exception, however.  <u>Id.</u>

One of the primary exceptions is that of fraudulent joinder. <u>Id.</u> (citing <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998)).  Contrary to the plain meaning of the words used to describe it, "fraudulent joinder requires neither fraud nor joinder."  <u>Evans v. CDX Servs. LLC</u>, 528 F. Supp. 2d 599, 602 (S.D.W. Va. 2007).  The fraudulent joinder doctrine permits a federal court to disregard a party's citizenship for purposes of determining diversity jurisdiction if the defendant can show that one of two circumstances exist.  <u>Mayes</u>, 198 F.3d at 464.  Specifically, a defendant must show that either "there is

no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Id. (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). The defendant's burden is heavy and a showing of fraudulent joinder is not easily made. Marshall, 6 F.3d at 232-33. In order to make a determination regarding fraudulent joinder, a court is "not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling and Testing Ctr. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting Dodd v. Fawcett Publ'n, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

Defendants contend that the court should disregard Thomas Hayslett's citizenship under the fraudulent joinder exception for purposes of determining whether diversity jurisdiction exists. See Defendants' Notice of Removal, pp. 4-5. Defendants argue that although Hayslett is a West Virginia citizen, there is no possibility that Plaintiffs would be able to establish a deliberate intention cause of action against him in West Virginia state court. Id. This is because, according to Defendants, the West Virginia Code section Plaintiffs are suing under allows actions only against Mr. King's employer, and not against co-employees or even individual supervisors. Id.

The text of the West Virginia statute requires:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A)through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(2005 Repl. Vol.).

Judge Johnston's opinion in <u>Evans</u> provides an instructive explanation of the deliberate intent statute's text and sheds light on the West Virginia state legislature's likely intention with respect to permitted defendants:

> As noted above, employees acting in furtherance of their employer's business are

> entitled to immunity so long as they do not injure a co-employee with deliberate intention. Under § 23-4-2(d)(2)(i), an "employer or person" can lose their statutory immunity if they act "with a . . . deliberately formed intention[.]" Plaintiffs, however, bring their claim against Mr. Zupanick under § 23-4-2(d)(2)(ii). That section only permits actions against "employers." The <u>Weekly</u> court chose to give no effect to the differing terminology in the two subsections. The West Virginia Supreme Court of Appeals has recently held, however, that "[T]wo [related] statutes must be read in a fashion to give effect to all of their terms, if possible. [N]o part of a statute is to be treated as meaningless and we must give significance and effect to every section, clause, word or part of a statute[.]" <u>Savilla v. Speedway Superamerica, LLC</u>, No. 33053, 219 W. Va. 758, 639 S.E.2d 850, 2006 W. Va. LEXIS 113, at * 11 (W. Va. Nov. 15, 2006) (internal quotations omitted). Construing the foregoing statutes in pari materia, this Court holds that co-employees are not subject to suit under § 23-4-2(d)(2)(ii) because that subsection only provides for actions against employers.

<u>Evans</u>, 528 F. Supp. at 605. In the instant case, as in <u>Evans</u>, Plaintiffs are suing Hayslett under § 23-4-2(d)(2)(ii).

Having considered the well-reasoned arguments in <u>Evans</u>, this court concludes that the text of § 23-4-2(d)(2)(ii) <u>does not permit</u> a suit by an injured employee against an individual supervisor. It appears to the court that the West Virginia state legislature intentionally used different terminology to introduce the provisions of the two different sections of the deliberate intention statute. Further, the court believes that this decision reflects the state legislature's intention to

distinguish which defendants it would permit suit against under one section, but not the other. The court is confident that its reading of the statute accords with West Virginia's policy of punishing egregious employer behavior, while at the same time protecting those in supervisory roles who cannot fairly be said to have done anything wrong.

Accordingly, the court finds that Plaintiffs would not have been able to bring suit under West Virginia's deliberate intention statute against Thomas Hayslett in West Virginia state court. Consequently, the court further finds that Hayslett has been fraudulently joined in this action and must be **DISMISSED**, given that Plaintiffs have brought no other claims against him, other than their deliberate intention claim. See Evans, 528 F. Supp. at 605 (dismissing individual supervisor defendant whom the court found to have been fraudulently joined).

### III. Conclusion

As all other defendants are diverse and the amount in controversy requirement is met, the requirements for this case remaining in federal court under diversity jurisdiction are satisfied.

The Plaintiffs' motion to remand is **DENIED** and Defendant Thomas Hayslett is **DISMISSED** from this case. The Clerk of Court is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 14th day of February, 2011.

                      ENTER:

                      *David A. Faber* (signature)

                      David A. Faber
                      Senior United States District Judge