```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**JAMES A. KING, et al.,**

    **Plaintiffs,**

**v.**                                    **CIVIL ACTION NO. 1:10-1024**

**SEARS ROEBUCK & COMPANY, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiffs' motion to amend complaint and join parties (Doc. # 17). For reasons more fully explained below, plaintiffs' motion is **GRANTED**.

### I. Factual and Procedural Background

This case centers on the injury that plaintiff James A. King suffered as a result of working with a Craftsman angle grinder tool at the Sears automotive department on March 19, 2008. See Complaint, p. 4. After receiving treatment, Mr. King, his wife, and their infant daughter (collectively "plaintiffs") filed the instant action in the Circuit Court of Mercer County, West Virginia, on March 19, 2010, seeking damages for their injuries. Id. at 6. Plaintiffs named as defendants Sears Roebuck & Company, Sears Holdings Management Corporation, and Sears Holding Corporation ("Sears Corporate Defendants") as well as Thomas Hayslett, (collectively "defendants"). In their Complaint, plaintiffs asserted the following causes of action: (1)

deliberate intention in exposing King to a specific unsafe working condition under W. Va. Code § 23-4-2(d)(2)(ii); (2) products liability; and (3) breach of warranty.  While plaintiffs named the Sears Corporate Defendants in all three counts, plaintiffs named Thomas Hayslett <u>only</u> in the deliberate intention count.  <u>See</u> Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, p. 2; Complaint, pp. 5-8.

Invoking this courts diversity jurisdiction, defendants removed the case on August 16, 2010.  Plaintiffs filed a motion to remand on September 15, 2010, which the court denied, by Order entered February 14, 2011 (Doc. # 20).  In its February 14 Order, the court also dismissed defendant Thomas Hayslett, having found that he had been fraudulently joined by plaintiffs for the purpose of defeating diversity jurisdiction.

Plaintiffs filed their instant motion to amend complaint and join parties on January 21, 2011.  Plaintiffs ask the court to allow them to amend their Complaint "for the purpose of adding and/or substituting proper parties for claims previously asserted in their Complaint, for making stylistic and non-substantive changes to the Complaint consistent with the addition and/or substitution of the proper parties, and for correcting a misnomer as to one of the original Defendants."  <u>See</u> Plaintiffs' Motion to Amend, p. 1.  Specifically, plaintiffs wish to add three corporations as defendants in this case: (1) Black & Decker

(U.S.), Inc.; (2) Anderson Products, Inc.; and (3) Weiler Corporation. Plaintiffs also wish to change the name of defendant "Sears Roebuck & Company" to "Sears Roebuck and Company." See Proposed Amended Complaint, attached as Exhibit A to Plaintiffs' Motion to Amend, p. 2. Plaintiffs' reason for adding these defendants is that they are, in fact, the manufacturers of the Craftsman angle grinder tool that injured Mr. King. See Plaintiffs' Memorandum in Support of their Motion to Amend, pp. 1-2. Further, plaintiffs' proposed amended complaint would leave out two of the three Sears Corporate Defendants originally named in the Complaint (those left out would be Sears Holdings Management Corporation, and Sears Holding Corporation). Consequently, only Sears Roebuck and Company would remain. Plaintiffs explain that were the court to grant their motion to amend and join the three new defendants, plaintiffs would seek dismissal of the two above-mentioned Sears defendants from this suit. See Plaintiffs' Memorandum in Support of Motion to Amend, pp. 2-3.

On April 14, 2011, this court entered an Order asking plaintiffs to clarify which Rule of the Federal Rules of Civil Procedure they were relying on in their attempt to add new parties. The plaintiffs' language in their motion to amend created confusion as to whether the plaintiffs wished to add new parties under FRCP 19 (Required Joinder of Parties), or FRCP 20

(Permissive Joinder of Parties).  The court directed plaintiffs to file their response to the court's Order by April 24, 2011. Plaintiffs replied to the court's Order on June 8, 2011, and stated that although their motion to amend "was presented to the court upon a wide basis of authority, Plaintiffs assert that the primary basis for the relief of joinder would be Rule 19(a) of the Federal Rules of Civil Procedure."  Plaintiffs' Response to Defendants' Motion to Continue, p. 1.

Defendants agree with plaintiffs that the new parties should be joined.  In their motion to continue the scheduling order, defendants state, "To the extent helpful, the Sears Defendants believe that the parties Plaintiffs propose to join are indispensable to this litigation and are critical to the defense of Plaintiff's products liability claim."  Defendants' Motion to Continue the Scheduling Order, p. 4.  Furthermore, defendants have not objected to the stylistic changes and corrections that plaintiffs propose to make in their complaint.

## II. Analysis

When a plaintiff seeks to amend his Complaint for the purpose of adding new defendants, the court must address both the amendment inquiry under Rule 15, and the joinder inquiry under either Rule 19 or 20.  <u>Adkins v. Labor Ready, Inc.</u>, 205 F.R.D. 460, 462 (S.D. W. Va. 2001) ("In order to amend a complaint to add additional parties after a responsive pleading has been

filed, a movant must seek leave of the court pursuant to Rule 15 of the Federal Rules of Civil Procedure, and he must demonstrate compliance with either Rule 19 or Rule 20, the procedural rules pertaining to joinder of parties.").

*A. Amending the Complaint*

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  Rule 15(a)(1) provides a plaintiff with the opportunity to amend his or her Complaint once as a matter of course, subject to certain time limitations.  Rule 15(a)(2), on the other hand, provides that "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

As defendants have indicated their agreement, in writing, that the new parties should be joined by way of amendment, and since plaintiffs' other amendments are either corrections, or merely stylistic changes, the court **GRANTS** plaintiffs leave to amend their Complaint under Rule 15(a)(2).  Plaintiffs are given **ten (10) days** to file an amended complaint with the court.

*B. Joining New Parties*

Plaintiffs and defendants agree that the new parties should be joined.  Accordingly, and because plaintiffs state that their motion to amend was submitted based on as wide a variety of authority as possible, the court finds that joinder can be

effectuated under Rule 20 (permissive joinder), and it would be unnecessary for the court to conduct a Rule 19 compulsory joinder analysis.

The Southern District of West Virginia has noted that

> [Rule 20] imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted out of the same transaction or occurrence; and [2] some question of law or fact common to all the parties will arise in the action. Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). . . . [T]he rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. . . . The test under the first prong does not require absolute identity of events and would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. . . .[T]his test is similar to the logical relationship test under Rule 13(a) in which all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. . . . The second prong of Rule 20(a) requires that the claims have commonality of law or fact. . . . It should be noted that Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact.

Wyatt v. Charleston Area Med. Ctr., Inc., 651 F. Supp. 2d 492, 496-497 (S.D.W. Va. 2009) (quoting Ashworth v. Albers Med., Inc., 395 F. Supp. 2d 395, 411-12 (S.D.W. Va. 2005)).

In the instant case, the asserted right to relief against

the new defendants arises out of the same transaction or occurrence.  As previously discussed, plaintiffs wish to add the new defendants because they are the ones responsible for manufacturing the tool which injured Mr. King.  As such, the underlying factual predicate of the claims against the new defendants would be the same as the factual predicate set forth in the initial Complaint.  Further, plaintiffs assert joint and several liability against the defendants.  See Fed. R. Civ. Pro. 19(a)(2)(A) (permitting the joinder of a party where the plaintiff asserts a right to relief against the defendants jointly or severally).

In addition, the court is satisfied that the case would present questions of law or fact common to all parties.  For example, it still remains to be determined exactly which defendant was responsible for which part of the manufacturing process; whether one or more of the defendants knew that the Craftsman angle grinder was in breach of an implied warranty; and whether one or more of the defendants committed acts, or omissions, which caused an allegedly dangerous tool to be placed on the market.

### III. Conclusion

Having found that plaintiffs' motion to amend complaint and join parties meets the requirements of Rules 15 and 20 of the Federal Rules of Civil Procedure, the court hereby **GRANTS**

plaintiffs' motion to amend with respect to all proposed changes.

It is **SO ORDERED** this 27th day of June, 2011.

        **ENTER:**

        David A. Faber
        Senior United States District Judge