IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JAMES A. KING, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   1:10-cv-01024

SEARS ROEBUCK AND COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendants' Joint Motion to Strike Plaintiffs' Expert Witnesses Dr. Norman Dowling, Dr. William Bird, Dr. Herbert Oye, Dr. Michael Shinnick, and Dr. William Cobb* and attached exhibit (Document 138), *Plaintiffs' Motion for Modification of Scheduling Order in Response to Defendants' Joint Motion to Strike* (Document 145) and memorandum in support (Document 146), and Defendants' Joint Reply to their Joint Motion to Strike and their Joint Response to Plaintiffs' Motion for Modification (Document 148). After careful consideration, for the reasons stated herein, the Court finds that Defendants' Joint Motion to Strike Plaintiffs' Expert Witnesses should be granted in part and denied in part, and that Plaintiffs' Motion for Modification of the Scheduling Order should be denied.

**I.    PROCEDURAL HISTORY**

On January 11, 2013, Defendants' filed a joint motion to strike Plaintiffs' expert witnesses (Document 138), wherein they allege that "Plaintiffs have failed to disclose an expert report by any of these listed witnesses in contravention of the Federal Rule of Civil Procedure 26(a)(2)(B), Local

Rule 26.1 and this Court's current Scheduling Order." (*Id.* at 4.) Defendants state that "[i]nstead of providing written expert reports for Drs. Dowling, Bird, Oye, Shinnick and Cobb, Plaintiffs have filed a brief, 2 ½ page document identifying the expert witnesses they intend to call, and the general subject matter on which they would provide expert reports and would testify." (*Id.* at 5) (citing Plaintiffs' Disclosure of Expert Testimony (Document 138-1) ("Exhibit A") at 1-3.) Therefore, Defendants move for an order excluding, with prejudice, Drs. Dowling, Bird, Oye, Shinnick and Cobb and striking Plaintiffs' expert disclosures pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. (Document 138 at 8.)[1]

On January 25, 2013, in response to Defendants' Joint Motion, Plaintiffs' counsel filed a Motion for Modification of Scheduling Order (Document 145), wherein he "moves that certain portions of the [Scheduling Order] be modified to accommodate the discovery of all evidence including new and highly relevant evidence." (*Id.* at 1.) In support, Plaintiffs' counsel contends that Mr. King has been notified of the possibility of a limb amputation, and until he receives a medical opinion, any vocational and economic expert reports would lack validity. (Document 146 at 3-4.) As to Dr. Bird and Dr. Oye, Plaintiffs' counsel states that "plaintiffs never intended to offer their testimony in any capacity except as treating physicians" and that "[t]hey were referenced in plaintiffs' Expert Witness Disclosure only insofar as rights of reservation were concerned and in light of the possibility of future treatment which they may provide." (*Id.* at 4.) Plaintiffs' counsel also alleges that the "recent information regarding the existence and possession

---

[1] Defendants contend that "[b]ased on Plaintiffs' expert disclosures, it appears they are relying on Drs. Bird and Oye's [Mr. King's treating physicians as a result of his March 19, 2008 injury] prior testimonies given during Mr. King's workers' compensation proceedings as sufficient disclosures of opinions and theories." (Document 138 at 5.) Defendants assert that "Plaintiffs were required to produce expert reports authored by Drs. Bird and Oye under Local Rule 26.1(b)." (Document 138 at 5) (citing LR Civ P. 26.1 which states "[t]he disclosures described in FR Civ P 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case.")

2

of the actual angle grinder used by Mr. King when he was injured on March 19, 2008" and the performance of tests on exemplars have interfered with Dr. Dowling's, their liability expert's, opinion. (*Id.* at 1, 4-5.) Plaintiffs' counsel states that "Plaintiffs are unable to produce the wire brush exemplar for Mr. King's deposition [which they are obliged to do] and perform the necessary tests upon it without the risk of evidence destruction." (*Id.* at 4-5.) Plaintiffs' counsel also contends that "the tests cannot be competently performed until defendant Sears provides the actual angle grinder used by Mr. King on the date of injury and believed by plaintiffs to be in Sears' possession." (*Id.* at 5.) Plaintiffs' counsel seeks "a 60 day enlargement of the time frame order as to paragraphs two and three and a compatible enlargement as to paragraphs four and five." (*Id.* at 6.)

Defendants replied that Plaintiffs' counsel's explanation for not producing expert disclosures by the deadline is "not a proper justification for the Plaintiffs' continued failure to adhere to the Federal Rules of Civil Procedure and the Court's Orders." (Document 148 at 2.) Defendants also note that Plaintiffs' counsel "fail[ed] to acknowledge that Mr. King's ever-changing medical condition could be considered . . . through supplemental or amended expert disclosures provided for under the rules." (*Id.*)[2] (citing Fed. R. Civ. P. 26(a)(2)(E)). With regard to Dr. Dowling's expert report, Defendants stress that "Plaintiffs have not explained why they have waited over 2 ½ years into this litigation to attempt to have their expert conduct an inspection and/or testing on the exemplars." (Document 148 at 2-3.) Moreover, Defendants argue that "[w]ith regard to the destructive testing the Plaintiffs have requested on the exemplar wire brush attachment, there is simply no reason why the Plaintiffs could not have obtained a second

---

2 Defendants also state that "despite the Plaintiffs' proffer, the Plaintiffs have not produced to the Defendants any medical records in which a treating physican has indicated that Mr. King should be evaluated for a potential limb amputation in light of the continuing issues with cellulitis in his lower right extremity." (Document 148 at 2.)

3

exemplar in order for their expert to have conducted his inspection within the timeframes of the current scheduling order." (*Id.* at 3.) Defendants also state that despite their "numerous prior attempts . . . to locate the subject angle grinder and wire brush attachment used by Mr. King on March 19, 2008," they were not advised of Mr. King's belief that the "angle grinder he was using on the date of the accident . . . was still in storage at the Sears' location where [he] is employed" until his January 15, 2013 deposition. (*Id.*) Defendants stress that "Mr. King had an obligation to advise his counsel of his belief as to the location of the grinder years ago." (*Id.*)[3] Furthermore, Defendants assert that "Plaintiffs have not offered any excuse as to why they have waited almost 3 years to identify the potential location of and discover the alleged angle grinder at issue, thus causing additional delays in this matter." (*Id.* at 3-4.) Therefore, Defendants "request that the Court exclude Drs. Dowling, Bird, Oye, Shinnick and Cobb, and that Plaintiffs' expert disclosures be stricken pursuant to Rule 37(c)(1)." (*Id.* at 4.)

## II. APPLICABLE LAW

Pursuant to the Court's operative Scheduling Order, "[t]he party bearing the burden of proof on an issue shall make the disclosures of information required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than January 7, 2013." (Document 113.)[4] Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the

---

3 Defendants also note that "it will be difficult, if not impossible, to identify the chain of custody of the grinders located and/or to determine whether the grinder actually used by Mr. King was, in fact, retained." (*Id.* at 3.)
4 Local Rule of Civil Procedure 26.1 dictates that "[u]nless otherwise ordered or stipulated by the parties, the making, sequence, and timing of disclosures under FR Civ P 26(a)(2) will be as follows: the party bearing the burden of proof on an issue shall make the disclosures required by FR Civ P 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than 60 days prior to the discovery date." LR Civ P 26.1.4

4

       case or one whose duties as to the party's employee regularly involve giving expert testimony. The report must contain:

           (i)      a complete statement of all opinions the witness will express and the basis and reasons for them;

           (ii)     the facts or data considered by the witness in forming them;

           (iii)    any exhibits that will be used to summarize or support them;

           (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

           (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

           (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

       Moreover, "[t]he parties must supplement these disclosures when required under Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e) provides in pertinent part that:

  A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:

    (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A). Subsection 2 states that "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition [and] [a]ny additions

5

or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Pursuant to Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The Fourth Circuit Court of Appeals held that "in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for the purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir.2003).

### III. DISCUSSION

The Court has reviewed Plaintiffs' Disclosure of Expert Testimony filed pursuant to Rule 26(a)(2). (Document 138-1 ("Pl.'s Disclosure")). The Court finds that Plaintiffs' Disclosure of Expert Testimony fails to meet the requirements contained in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure 26.1, and the Court's operative Scheduling Order.

With regard to Dr. Norman E. Dowling, Plaintiffs' counsel states that "[a]s to liability and for all matters concerning the rotary angle grinder and power wire brush and the proper use thereof and proper precautions to be taken, the plaintiff will offer the testimony of Dr. Norman Dowling." (Pl.'s Disclosure at 1.) Plaintiffs attach a "summary of qualifications" which included "trial testimony experience" and "deposition testimony experience," as well as his resume. (*See id.* at 15-44.) Plaintiffs' counsel states that "[f]or his testimony, Dr. Dowling has been provided the same exemplar products which were produced for inspection at plaintiffs' depositions [and] [h]e has also had access to the product information supplied by the manufacturers as well as medical records describing the initial injury sustained by James King in March 2008." (*Id.* at 1.) Plaintiffs' counsel submits that "[a]mong the subjects addressed in that report will be the safe speed discrepancies of the two products as well as the fragmentation of material from the power wire brush and the hazards presented thereby." (*Id.* at 2.) Plaintiffs' counsel also states that "[i]n recognition of the plaintiffs' duty to produce for inspection the exemplar products during plaintiffs' reconvened depositions on January 14 and 15 2013, Dr. Dowling will refrain from performing that part of his analysis requiring a more intrusive examination of these exemplar products until those depositions are completed and, therefore, plaintiffs reserve the right to supplement this disclosure with Dr. Dowling's final report." (*Id.*)

With regard to Dr. Michael D. Shinnick, Plaintiffs' counsel states that he will "provide expert testimony regarding the job requirements involved in Mr. King's employment as well as a vocational assessment of Mr. King's qualifications and work experiences and the adverse affect of his several injuries including the injury of March 2008 and its complications upon his ability to perform work now and in the future." (*Id.* at 2-3.) Plaintiffs' counsel also states that "[i]n light of

7

the substantial recent medical treatment received by Mr. King including recent additional injuries plaintiffs reserve the right to supplement this description." Plaintiffs include his Curriculum Vitae in the disclosure. (*Id.* at 61-69.)

With regard to Dr. William E. Cobb, Plaintiffs' counsel states that he is "a professional economist who will offer testimony of the amount of economic loss sustained by Mr. King to date from the March 2008 injury and its complications as well as a description of reasonably certain future economic loss based on the vocational findings of Dr. Shinnick." (*Id.* at 3.) Furthermore, "Plaintiffs also annunciate the same reservation of supplementation for Dr. Cobb as with Dr. Shinnick." (*Id.*) Plaintiffs include his resume in the disclosure. (*Id.* at 70-73.)

With regard to Drs. Bird and Oye, Plaintiffs' counsel states "[i]nsofar as damages are concerned plaintiffs reserve the right to offer the testimony of any and all medical service providers who have treated James King for matters directly related to his March 2008 injury as well as other matters unrelated or indirectly related." (*Id.* at 2.) Moreover, he states that "[w]ithout waiving this reservation plaintiffs make specific reference to Dr. William Bird and Dr. Herbert Oye and the previous deposition testimonies which they have offered and which plaintiffs have produced." (*Id.*) In their Motion to Strike, Defendants assert that "Plaintiffs were required to produce expert reports authored by Drs. Bird and Oye under Local Rule 26.1(b) which holds that '[t]he disclosures described in FR Civ P 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent ***unless the examination was for the sole purpose of providing expert testimony in the case***.'" (Document 138 at 5.) However, Plaintiffs explained that "[they] never intended to offer [Drs. Bird's and Oye's] testimony in any capacity except as treating physicians." (Document 146 at 4.) Moreover,

8

Plaintiffs state that "[Dr. Bird and Dr. Oye] were referenced in plaintiffs Expert Witnesses Disclosures only insofar as rights of preservation were concerned and in light of the *possibility of future treatment which they may provide*." (*Id*.)(emphasis added.) At this time, the Court finds that there is insufficient evidence to conclude that Dr. Bird and Dr. Oye are required to produce expert reports pursuant to Local Rule 26.1(b). During the trial, the Court will ensure that the testimony of expert witnesses complies with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. The Court will not permit the testimony of expert witnesses unless the requisite disclosures were made.

In sum, Plaintiffs' expert disclosures of Drs. Dowling, Shinnick, and Cobb do not satisfy Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure 26.1, or the Court's operative Scheduling Order. Specifically, Plaintiffs did not attach a "written report – prepared and signed by [Drs. Dowling, Shinnick, and Cobb]," much less one that contained "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them" in violation of Rule 26(a)(2)(B)(i)-(iii). Therefore, the Court must now determine whether the nondisclosure of Drs. Dowling, Shinnick, and Cobb's expert reports are either substantially justified or harmless.

## IV.     ANALYSIS

### A. Motion to Strike

In weighing the five factors from *Southern States,* the Court finds that Plaintiffs' nondisclosure of Drs. Dowling's, Shinnick's, and Cobb's expert witness reports is neither substantially justified nor harmless. With regard to the first factor, the Court finds that

9

Defendants were surprised by Plaintiffs deficient expert disclosures and would be surprised by future disclosures. *Southern States*, 318 F.3d at 297; (s*ee,* Document 138 at 7.) Defendants assert that "Plaintiffs have failed to produce **any** information concerning the opinions and potential testimony of Drs. Dowling, Bird, Oye, Shinnick and Cobb, while Plaintiffs have had over two and a half years to secure expert reports and adhere to the Rules." (Document 138 at 7.) Defendants state that "[they] have been severely prejudiced by the Plaintiffs' complete failure to adhere to the requirements for expert witness disclosures, especially in light of the upcoming depositions and the current date for the close of discovery on March 11, 2013." (*Id.*) (citing Document 113.) Moreover, Defendants argue that "[they] should not be put in the position of securing experts and attempting to have their opinions finalized within the time span of several weeks (due March 11, 2013) for significant and wide-ranging substantive areas of inquiry without having the benefit of Plaintiffs' experts' reports." (Document 138 at 7.)

With regard to the second and third factors, the Court finds that Plaintiffs are unable to cure this surprise. *Southern States*, 318 F.3d at 297. Moving for a sixty (60) day extension, *after* the deadline for disclosures of information required by Rule 26(a)(2)(A) and (B) in response to a motion to strike, is not within the meaning of "ability to cure." Moreover, the Court finds that granting an extension would significantly disrupt the scheduled trial. The close of discovery is set for March 11, 2013. (Document 113 at 1.) This case has been pending before this court for more than 2 and a half years and the Court is currently operating on its third scheduling order.

With regard to the fourth and fifth factors, the Court finds that although Dr. Dowling's, Dr. Shinnick's, and Dr. Cobb's expert testimonies are important evidence, Plaintiffs' counsel offers no reasonable explanation for his failure to acquire and disclose those experts' reports. *Southern*

10

*States*, 318 F.3d at 297. Plaintiffs' counsel's excuse for not providing Dr. Shinnick's and Dr. Cobb's expert reports is that "any vocational findings as to disability offered now would lack validity as it could not be founded upon medical evidence which has yet to be produced." (Document 146 at 3-4.) Plaintiffs' counsel added "[o]bviously without a vocational finding based upon yet to be generated medical evidence any economic analysis of future lost wages would likewise lack validity." (*Id.* at 4.) However, Dr. Shinnick's and Dr. Cobb's expert reports could have been supplemented to address Mr. King's new health concerns and/or injuries. *See,* Fed. R. Civ. P. 26(a)(2)(E); Fed. R. Civ. P. 26(e)(1)(A). Therefore, Plaintiffs' counsel has no excuse for not providing Dr. Shinnick's and Dr. Cobb's expert reports. As to Dr. Dowling's expert report, Plaintiffs' counsel has not explained why Plaintiffs have waited two and a half years to have their expert test the exemplar or why they could not have obtained a second exemplar for the destructive testing. Moreover, Plaintiffs' counsel states that "plaintiffs have no satisfactory alternative to performance of the tests when the presence of the actual unit putatively in Sears' possession is satisfactorily resolved." (Document 146 at 6.) However, it was Mr. King's own deposition testimony that led to the discovery of the alleged angle grinder and wire brush attachment used by him in the March 19, 2008 accident, despite Defendants "numerous prior attempts" to locate it. (Document 148 at 3.)[5] Plaintiffs' counsel's failure to uncover information from his own client regarding the possible location of the alleged instruments is not a justifiable reason for not providing an expert report.

---

5 Defendants argue "it will be difficult, if not impossible, to identify the chain of custody of the grinders located and/or to determine whether the grinder actually used by Mr. King was, in fact, retained." (*Id.* at 3.)

Therefore, the Court finds that balancing the five factors discussed above weighs in favor of excluding Dr. Dowling, Dr. Shinnick, and Dr. Cobb with prejudice, and striking their expert disclosures.

### B. *Motion For Modification of Scheduling Order*

The Court also finds that Plaintiffs' Motion for Modification of Scheduling Order in Response to Defendants' Joint Motion to Strike (Document 145) should be denied for several reasons. First and foremost, Plaintiffs' counsel did not file the motion until January 25, 2013, over two weeks after the deadline for making disclosures of information required by Rule 26(a)(2)(A) and (B). (*Id.*); (*See* Document 113) ("[t]he party bearing the burden of proof on an issue shall make the disclosures of information required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than January 7, 2013."). Furthermore, Plaintiffs' counsel provides no reason for not moving for a modification before the deadline. Moreover, as stated above, Plaintiffs' counsel does not provide any justifiable explanation for not providing Dr. Shinnick's, Dr. Cobb's, and Dr. Dowling's expert reports within the Court's timeframe. (*See, supra* at 10-11.) Therefore, the Court finds that Plaintiffs' Motion for Modification of Scheduling Order should be denied.

### V. CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that *Defendants' Joint Motion to Strike Plaintiffs' Expert Witnesses Dr. Norman Dowling, Dr. William Bird, Dr. Herbert Oye, Dr. Michael Shinnick, and Dr. William Cobb* (Document 138) be **GRANTED IN PART AND DENIED IN PART**. Specifically the Court finds that Defendants' joint motion be **GRANTED**

with respect to Dr. Norman Dowling, Dr. Michael Shinnick, and Dr. William Cobb, and be **DENIED** with respect to Dr. William Bird and Dr. Herbert Oye pending the Court hearing or being provided the actual testimony of Dr. Bird and Dr. Oye.

The Court further **ORDERS** that *Plaintiffs' Motion for Modification of Scheduling Order in Response to Defendants' Joint Motion to Strike* (Document 145) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 22, 2013

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA